UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

NATIONAL GENERAL INSURANCE COMPANY,

                          Plaintiff,

    vs.

TEUFIK RADONCIC, ADELA RADONCIC, RAVI
SUNIL WOLI MOHAMED, and NENDIN
MOHAMED,

                         Defendants.

───────────────────────────────────────────

**COMPLAINT**

Civil Action No. _____

Plaintiff, NATIONAL GENERAL INSURANCE COMPANY, by and through its attorneys, HURWITZ & FINE, P.C., as and for its Complaint herein, alleges, upon information and belief, as follows:

        1.     At all times hereinafter mentioned, Plaintiff, NATIONAL GENERAL INSURANCE COMPANY ("National General"), was and is a foreign insurance company headquartered in the State of North Carolina.

        2.     Upon information and belief, now and at all times hereinafter mentioned, Defendants, TEUFIK RADONCIC and ADELA RADONCIC (collectively, the "Radoncic Defendants"), were and still are residents of the State of New York, County of Queens.

        3.     Upon information and belief, now and at all times hereinafter mentioned, Defendants, RAVI SUNIL WOLI MOHAMED and NENDIN MOHAMED (collectively, the "Mohamed Defendants"), were and still are residents of the State of New York, County of Bronx.

        4.     National General seeks a judicial declaration that it properly rescinded the relevant insurance policy issued to Teufik Radoncic due to material misrepresentations in his

application for insurance, rendering that policy void *ab initio* as National General would not have issued the policy had it been aware of the truth.

5.      Additionally, National General seeks a judicial declaration that the relevant insurance policy does not provide coverage for claims arising out of Ravi Sunil Woli Mohamed's underlying accident, and that National General may withdraw from the courtesy defense it has and continues to provide the Radoncic defendants in the underlying action.

6.      The Mohamed Defendants are included in this action so that total and complete relief can be afforded among the parties involved.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states/countries, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

8.      Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) and/or (b)(2) as all Defendants reside in this District.

## THE UNDERLYING INCIDENT AND ACTION

9.      On October 28, 2019, the Mohamed Defendants filed a lawsuit against the Radoncic Defendants in New York State Supreme Court, County of Bronx, styled *Ravi Sunil Woli Mohamed and Nendin Mohamed v. Teufik Radoncic and Adela Radoncic*, and bearing Index. No. 32672/2019E (the "Underlying Action"). The Complaint in the Underlying Action is incorporated herein by reference.

10.     In the Underlying Action, it is alleged that the Radoncic Defendants owned, operated, maintained, controlled, managed, supervised, contracted for, leased, constructed and developed a premises located at 80 Malba Drive, Whitestone, New York,

Queens County (the "Premises").

11.     In the Underlying Action, it is alleged that the Radoncic Defendants hired or retained contractors to perform construction work, labor or services at the Premises, including non-party R & T Construction, NY, Inc.

12.     In the Underlying Action, it is alleged that on November 14, 2018, while performing construction work as an employee of R & T Construction, NY, Inc., Ravi Sunil Woli Mohamed was seriously injured by reason of the Radoncic Defendants' negligence (the "Underlying Incident").

13.     Upon information and belief, the Underlying Incident involved Ravi Sunil Woli Mohamed falling from a ladder on the Premises.

14.     In the Underlying Action, and as a result of the Underlying Incident, the Mohamed Defendants assert causes of action against the Radoncic Defendants for loss of consortium, common law negligence, and violations of New York Labor Law §§ 200, 240(1), and 241(6).

## APPLICATION FOR INSURANCE

15.     Teufik Radoncic certified an application for homeowners insurance to be underwritten by National General on November 13, 2018 (the "Application"). The Application is attached hereto as **Exhibit A** and incorporated by reference as if fully set forth herein.

16.     Specifically, the Application provided that the insured dwelling was owner occupied as a primary residence and that no construction or renovations existed at the time of the Application.

17.     Teufik Radoncic certified that the information in the Application was true and that he had read and understood the provisions therein.

18.     Teufik Radoncic certified and acknowledged that the information in the

3

Application was being offered to National General as an inducement to issue an insurance policy.

## THE POLICY

19.     Relying upon the certified information provided in the Application, National General issued a homeowners insurance policy to Teufik Radoncic (Policy No. 2007137814) (the "Policy"). The Adirondack Policy is incorporated in its entirety herein by reference.

20.     The Policy provides under SECTION II – LIABILITY COVERAGE that

**A.  Coverage E – Personal Liability**
If claim is made or suit is brought against an "insured" for damages because of "bodily injury" … caused by an "occurrence" to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include pre-judgment interest awarded against an "insured"; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. . . .
***
**E.   Coverage E – Personal Liability and Coverage F – Medical Payments to Others**
Coverages E and F do not apply to the following:
***
**4.   "Insured's" Premises Not An "Insured Location"**
"Bodily injury" … arising out of a premises:

a.  Owned by an "insured", or
b.  Rented to an "insured",

that is not an "insured location".

**F.  Coverage E – Personal Liability**
Coverage E does not apply to:
***
**4.** "Bodily injury" to any person eligible to receive any benefits voluntarily provided or required to be provided by an "insured" under any:

> a. Workers' compensation law;
> b. Non-occupational disability law; or
> c. Occupational disability law.
>
> ***

## SECTION II – CONDITIONS

### C. Duties After "Occurrence"

> In case of an "occurrence", you or another "insured" will perform the following duties that apply. We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us. You will help us by seeing that these duties are performed:
>
> 1. Give us written notice to us or our agent as soon as is practical, which sets forth:
>    a. The identity of the policy and the "named insured" shown in the Declarations;
>    b. Reasonably available information on the time, place and circumstances of the "occurrence", and
>    c. Names and addresses of any claimants and witnesses.
>
> 2. Cooperate with us in the investigation, settlement or defense of any claim or suit;
>
> 3. Promptly forward to us every notice, demand, summons or other process relating to the "occurrence".
>
> ***

### J. Concealment or Fraud

> We do not provide coverage to an "insured" who, whether before or after a loss, has:
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
> 2. Engaged in fraudulent conduct; or
> 3. Made false statements; relating to this insurance.
>
> ***

21.     The Policy defines the term "insured" to mean "you and residents of your household who are … your relatives".

22.     The Policy defines "insured location" to mean "[t]he 'residence premises'".

23.     The Policy defines "residence premises" to mean "The one family dwelling where you reside; The two-family dwelling where you reside in at least one of the

family units; or That part of any other building where you reside; and which is shown as the "residence premises".

24.    The Policy defines the term "employee" to mean an employee of an "insured", or an employee leased to an "insured" by a labor leasing firm under an agreement between an "insured" and the labor leasing firm, whose duties are other than those performed by a "residence employee".

## TENDER, RESCISSION AND DISCLAIMER

25.    Upon information and belief, the Radoncic Defendants were served with a Summons and Verified Complaint on or about December 2, 2019. Thereafter, the Radoncic Defendants tendered a request for insurance coverage under the Policy to National General (the "Radoncic Tender"). Until the Radoncic Tender, National General was never notified of the November 2018 Underlying Incident or claims arising therefrom.

26.    Upon receipt of the Radoncic Tender, and review of the Summons and Verified Complaint for the Underlying Action attached thereto, National General noticed various potential material misrepresentations on the Application.

27.    After a review and investigation of the Application, it was determined that Teufik Radoncic failed to disclose and omitted pertinent information bearing on the coverage ultimately underwritten. It was also determined that the Application included false or misleading information.

28.    Specifically, the Application provided that the Premises was owner occupied as a primary residence and that no construction or renovations existed at the time of the Application.

29.    However, on January 21, 2020, Teufik Radoncic executed an Affidavit of Residency indicating that the Radoncic Defendants since 1996 have resided at 3112 45th Street,

Astoria, New York 11103, without ever moving.

30.     Additionally, upon information and belief, the Radoncic Defendants were performing renovations, and the Premises were vacant at the time the Application was completed.

31.     Further, upon information and belief, construction permits for work on the Premises were issued in April 2018 and effective at the time the Application was completed.

32.     Teufik Radoncic's omission and/or affirmative provision of false and misleading information constituted material misrepresentations of facts that prevented National General from accurately rating, underwriting and determining the insured's eligibility for coverage.

33.     National General relied upon the Radoncic Defendants' material misrepresentations while rating, underwriting and determining the insured's eligibility for coverage.

34.     By letter dated February 3, 2020, National General rescinded the Policy issued to Teufik Radoncic rendering it void *ab initio* (the "National General Rescission"). The National General Rescission is incorporated herein by reference as if fully set forth below.

35.     In addition, by letter dated February 5, 2020, National General disclaimed coverage under the Policy for the claims arising out of the Underlying Incident and/or Underlying Action on various grounds (the "National General Disclaimer"). The National General Disclaimer is incorporated herein as if fully set forth below.

36.     Despite the existence of valid coverage defenses, National General agreed to provide the Radoncic Defendants with a courtesy defense in the Underlying Action until such time as National General's Rescission and Disclaimer were judicially determined to absolve National General of any obligation to provide coverage to the Radoncic Defendants and/or any

other party for claims arising out of the Underlying Incident and/or Underlying Action.

**AS AND FOR NATIONAL GENERAL'S**
**FIRST CAUSE OF ACTION**

37.     National General reasserts and realleges each and every allegation contained within paragraphs "1" through "36" as if fully set forth herein.

38.     On November 13, 2018, Teufik Radoncic represented in the Application that the Premises were owner occupied.

39.     Additionally, on November 13, 2018, Teufik Radoncic represented that the Premises were not under construction or renovation.

40.     Upon information and belief, at all relevant times, including at the time Teufik Radoncic certified the Application, the Premises were vacant and/or otherwise unoccupied. Upon information and belief, at all relevant times, including at the time Teufik Radoncic certified the Application, the Premises were under construction or renovation.

41.     At all relevant times, including at the time Teufik Radoncic certified the Application, these representations were false, and Teufik Radoncic's false representations on the Application constituted material misrepresentations.

42.     National General would not have issued the Policy if Teufik Radoncic had disclosed that the Premises were vacant and/or otherwise unoccupied at the time the Application was certified. National General would not have issued the Policy if Teufik Radoncic had disclosed that the Premises were under construction or renovation at the time the Application was certified.

43.     National General is entitled to rescind the Policy *ab initio* based upon Teufik Radoncic's material misrepresentation and is entitled to a declaration that National General has no obligation to defend or indemnify the Radoncic Defendants in connection with

8

the Underlying Incident, Underlying Action, or any other occurrence, claim, or suit under the Policy.

44.     Additionally, National General is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing the Radoncic Defendants in the Underlying Action.

## AS AND FOR NATIONAL GENERAL'S
## SECOND CAUSE OF ACTION

45.     Adirondack reasserts and realleges each and every allegation contained within paragraphs "1" through "44" as if fully set forth herein.

46.     The Policy excludes coverage for "'[b]odily injury' . . . arising out of a premises [o]wned by an 'insured' that is not an 'insured location'."

47.     The Policy defines "insured location" to mean "[t]he 'residence premises'."

48.     The Policy defines "residence premises" to mean "[t]he one family dwelling *where you reside*; [t]he two-family dwelling *where you reside* in at least one of the family units; or [t]hat part of any other building *where you reside*; and which is shown as the 'residence premises'."

49.     Upon information and belief, at the time of the Underlying Incident, the Radoncic Defendants did not reside at the Premises.

50.     Thus, the Radoncic Defendants are not entitled to coverage under the Policy, as the Underlying Incident did not arise out of the "residence premises".

51.     Therefore, National General is entitled to a declaration that National General has no obligation to defend or indemnify the Radoncic Defendants in connection with the Underlying Incident and/or Underlying Action.

52.     Additionally, National General is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing the Radoncic Defendants in the Underlying Action.

## AS AND FOR NATIONAL GENERAL'S
## THIRD CAUSE OF ACTION

53.     National General reasserts and realleges each and every allegation contained within paragraphs "1" through "52" as if fully set forth herein.

54.     The Policy excludes coverage for "'[b]odily injury' to any person eligible to receive any benefits voluntarily provided or required to be provided by an 'insured' under any [w]orkers' compensation law; [n]on-occupational disability law; or [o]ccupational disability law."

55.     The Radoncic Defendants qualify as "insureds" under the National General Policy.

56.     Upon information and belief, Ravi Sunil Woli Mohamed is and was eligible to receive benefits provided or required to be provided by the Radoncic Defendants under "[w]orkers' compensation law; [n]on-occupational disability law; or [o]ccupational disability law."

57.     Thus, the Radoncic Defendants are not entitled to coverage under the Policy, as Ravi Sunil Woli Mohamed is and was eligible to receive such benefits.

58.     Therefore, National General is entitled to a declaration that National General has no obligation to defend or indemnify the Radoncic Defendants in connection with the Underlying Incident and/or Underlying Action.

59.     Additionally, National General is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing the Radoncic Defendants in the

Underlying Action.

## AS AND FOR NATIONAL GENERAL'S
## FOURTH CAUSE OF ACTION

60.    National General reasserts and realleges each and every allegation contained within paragraphs "1" through "59" as if fully set forth herein.

61.    The Underlying Incident is alleged to have occurred on November 14, 2018.

62.    National General's first notice of the Underlying Incident and/or claims arising therefrom was by receipt of the Summons and Complaint in the Underlying Action, which was filed on October 19, 2019, almost a year after the Underlying Incident.

63.    Upon information and belief, the Underlying Action was tendered over a year after the Underlying Incident occurred.

64.    Under the terms of the Policy, an insured is required to give notice of an accident or claim as soon as reasonably possible.

65.    The Radoncic Defendants' delay in providing National General with notice of the Underlying Incident and/or claims arising therefrom resulted in material prejudice to National General and its interests, including but not limited to its right to conduct a prompt and effective investigation.

66.    The Radoncic Defendants are in breach of the Policy.

67.    Due to the Radoncic Defendants' breach of the Policy and resulting material prejudice to National General's interests, the Policy does not provide coverage for the claims arising out of the Underlying Incident and/or Underlying Action.

68.    Therefore, National General is entitled to a declaration that National General has no obligation to defend or indemnify the Radoncic Defendants in connection with

the Underlying Incident and/or Underlying Action.

69.     Additionally, National General is entitled to a declaration that it may withdraw from the courtesy defense that it is currently providing the Radoncic Defendants in the Underlying Action.

**WHEREFORE**, Plaintiff, NATIONAL GENERAL INSURANCE COMPANY, prays for judgment of this Court against the Defendants, TEUFIK RADONCIC, ADELA RADONCIC, RAVI SUNIL WOLI MOHAMED, and NENDIN MOHAMED, by way of a declaratory judgment to determine and declare the rights of the parties hereto, finding as follows:

1.     A declaration that pursuant to a valid and enforceable rescission, the Policy issued by NATIONAL GENERAL INSURANCE COMPANY to Defendants TEUFIK RADONCIC is void *ab initio.*

2.     A declaration that NATIONAL GENERAL INSURANCE COMPANY is not obligated to provide insurance coverage under the Policy to any party for claims arising out of the November 14, 2018, Underlying Incident, and/or Underlying Action;

3.     A declaration that NATIONAL GENERAL INSURANCE COMPANY does not have a duty to defend and/or indemnify Defendants TEUFIK RADONCIC, ADELA RADONCIC, or any other party, under the Policy for claims arising out of the Underlying Incident and/or Underlying Action;

4.     A declaration that NATIONAL GENERAL INSURANCE COMPANY may withdraw from the defense that it is currently providing Defendants TEUFIK RADONCIC and ADELA RADONCIC in the Underlying Action;

5.     Such other and further relief as to this court may find just, proper and equitable, together with the costs and disbursements of this action.

DATED:      Buffalo, New York
              May 19, 2020

                                      HURWITZ & FINE, P.C.

                                      By:    /s/ Dan D. Kohane
                                      Dan D. Kohane, Esq.
                                      *Attorneys for Plaintiff*
                                      *National General Insurance Company*
                                      1300 Liberty Building
                                      424 Main Street
                                      Buffalo, New York 14202
                                      (716) 849-8900