UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

NATIONAL GENERAL INSURANCE COMPANY,

                Plaintiff,

   v.

TEUFIK RADONCIC, ADELA RADONCIC, RAVI SUNIL WOLI MOHAMED, and NENDIN MOHAMED,

                Defendants.

───────────────────────────────────────────

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Case No.: 20-cv-03876-JGK

The Court enters this Confidentiality Stipulation and Order upon the request and stipulation of all of the parties appearing heretofore in this litigation for the purpose of assuring the confidentiality and protection of certain confidential and/or proprietary information that may be disclosed by any party, their respective counsel, or a third party in the course of discovery in this action.

It is hereby **ORDERED**:

1. As used in this Confidentiality Stipulation and Order, the term "Confidential Information" includes any material or information that is disclosed by National General Insurance Company in response to Document Request Nos. 1 and 4 of the Radoncic Defendants' First Request for Production in this litigation, which provide as follows:

> **DOCUMENT REQUEST NO. 1: All Documents relating to NG's underwriting guidelines, from 2017 to the present, for issuing homeowners policies that relate to the Policy issued to the Radoncics.**
>
>                 ***
>
> **DOCUMENT REQUEST NO. 4: All Documents relating to the underwriting file kept in reference to the issuance**

1

**of the Policy referenced in the Complaint.**

Those materials responsive to the above requests include confidential and/or proprietary information and are designated as "Confidential".

  2.  In addition to the materials or information disclosed in response to the above requests, related materials or information pertaining to the same subject matter (i.e., insurance policy underwriting) may be designated as "Confidential" in one or more of the following ways:

    (a)  information set forth in an answer to a request for documents, a subpoena, an interrogatory or request for admission may be so designated by including a clear statement in the answer that the answer is "Confidential";

    (b)  information contained in any document, summary or part thereof may be so designated by making the word "Confidential" on the document and all copies of it delivered to counsel for the receiving party, or by giving written notice to counsel for the receiving party, describing the document or part thereof either specifically or by category; and

    (c)  information contained in an answer to any question asked during an oral deposition may be designated "Confidential" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served by first class mail or overnight delivery within ten (10) business days after the designating party receives the deposition transcript.

  3.  Confidential Information designated as "Confidential" that is disclosed

during the course of discovery in this action:

    (a)    shall only be used by the parties to this action, their counsel, any independent expert witnesses and advisors and consulting firms retained by a party to this action in connection with the prosecution and defense of this action and for no other purpose;

    (b)    shall not be published to the general public in any form by any party to this action, their counsel, or any independent expert witnesses, advisors and consulting firms retained a party to this action, nor used by any party to this action, their counsel, or any independent expert witnesses, advisors and consulting firms retained by the receiving party for any business or commercial purpose; and

    (c)    may be disclosed by counsel to the parties to this action only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this action:

        (i)    attorneys of record for the parties to this action, including any attorneys employed by a law firm of record that represents a party;

        (ii)    secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

        (iii)    the receiving party or independent expert witnesses, advisors and consulting firms retained by a party in connection with this action;

    (iv) technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consulting firms of a party;

    (v) court reporters or stenographers engaged to record deposition testimony, and their employees;

    (vi) such other persons as may be authorized by agreement of the parties.

    (vii) Employees or agent of insurance companies that provide coverage for one or more parties to this litigation.

  4. Secondary documents, including but not limited to, notes, memoranda, analyses and briefs that are prepared from any materials described herein that contain Confidential Information shall be treated in the same fashion as the underlying materials.

  5. The party receiving the disclosure (the "Receiving party") may, at any time, notify the party producing the disclosure (the "Producing party") that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

  6. The provisions of this Confidentiality Stipulation and Order shall not be construed as preventing:

    (a) any disclosure of Confidential Information by the parties

designating the information as such in any such other action; or

(b)     any disclosure of Confidential Information to any judge, law clerk or employee of this Court for purposes of this action.

7.    Before filing with the Court *any* pleading, motion, application, memorandum of law, or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses information that has been designated to be Confidential Information, the party that intends to file such pleading, motion, application, memorandum of law or other paper, shall do so under seal or provide counsel for the designating party fifteen (15) days prior written notice specifically identifying the Confidential Information intended to be disclosed so that the designating party may make a sealing application to the Court if the designating party deems one

necessary. By way of this Order, the Court authorizes all parties to file documents and other information designated as confidential pursuant hereto under seal.

8. Nothing in this Confidentiality Stipulation and Order shall preclude a party from offering "Confidential" information into evidence at the trial of this action.

9. Inadvertent disclosure of any document or information shall not operate as a waiver of confidentiality, and any party inadvertently disclosing such information without first designating the information as "Confidential" may do so upon learning of the disclosure. However, any dissemination or disclosure of such later-designated information shall not be deemed a violation of this Confidentiality Stipulation and Order until the information is designated as "Confidential".

10. Nothing in this Confidentiality Stipulation and Order shall be deemed to limit or constitute a waiver of any Party's right to object to the production of any information on the basis of privilege or for any other reason provided under applicable federal or state law.

11. All discovery materials, including, but not limited to, discovery material designated as "Confidential" and all copies thereof shall be either destroyed or returned to the disclosing party or its counsel, per the disclosing party's instructions, within thirty (30) days of the conclusion of this litigation including any appeals. Counsel for the receiving party's discovery materials shall certify in writing to counsel for the disclosing party that said discovery materials have been destroyed or returned per the disclosing party's instructions, or otherwise disposed of

as ordered by the Court, within thirty (30) days of the conclusion of this litigation including any appeals.

GOLDBERG, MILLER & RUBIN, P.C.

_____   DATE: December 18, 2020
Harlan R. Schreiber, Esq.
Matthew J. Moroney, Esq.
*Attorneys for Defendants and Counterclaim-Plaintiffs,*
*TEUFIK RADONCIC and*
*ADELA RADONCIC*
1501 Broadway, Suite 715
New York, New York 10036
(646) 863-1531
hschreiber@gmrlawfirm.com
mmoroney@gmrlawfirm.com


HURWITZ & FINE, P.C.

_____   DATE: January 11, 2021
Dan D. Kohane, Esq.
*Attorneys for Plaintiff and Counterclaim-Defendant,*
NATIONAL GENERAL INSURANCE
 COMPANY
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 840-8900
ddk@hurwitzfine.com

**SO ORDERED:**

> This Order is not binding on the Court or Court personnel. The Court may amend the Order at any time.
> SO ORDERED
>                         /s/ John G. Koeltl
> January 12, 2021        John G. Koeltl
> New York, NY            U.S.D.J.

Hon. John G. Koeltl, U.S.D.J.